# MOGUL *v.* GARVEY.

[No. 7,921. Filed November 19, 1913.]

1. MUNICIPAL CORPORATIONS.— *Contracts.— Officers.—* A contract whereby a town rented to the town marshal a gravel and sand pit, and which provided that the marshal could remove so much sand as he might desire upon payment of fifteen cents a load, and that he was to clean the pit at his own expense, except that in the event it developed only gravel the town was to pay such part of the expense as might be agreed upon by the parties, in effect authorized such marshal to create an indebtedness for cleaning the pit, which might become a liability against the town, and was therefore void as being in violation of §8648 Burns 1908, Acts 1907 p. 538, prohibiting any officer or employe of any city or town from being a party to, or interested in, any contract by which any liability is created, passed upon or approved by such officer or employe. p. 549.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by Joseph U. Mogul against James Garvey. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Fred C. Gause,* for appellant.

*William O. Barnard* and *William E. Jeffrey,* for appellee.

HOTTEL, P. J.—This action was begun by appellant filing in the court below his verified complaint, in which he sought to enjoin the appellee from removing sand which appellant claimed. The complaint was accompanied by an undertaking, and a temporary restraining order was asked and granted. There was an affirmative answer in one paragraph, to which a demurrer was overruled and exceptions properly saved by appellant. On the issues of fact thus presented, the cause was submitted to the court for trial with a request for a special finding of facts and conclusions of law thereon. The court found the facts and stated as conclusions of law thereon that the law was with the appellee, and that the injunction before granted, should be dissolved, to each of which conclusions of law the appellant at the time objected and excepted.

From a judgment in appellee's favor on such finding and conclusion of law, appellant appealed and assigned the following errors: (1) The court erred in overruling the demurrer to appellee's answer; (2) the court erred in its conclusion of law on the facts found. Appellant concedes that these assigned errors present one and the same question. Hence it becomes unnecessary to consider the sufficiency of the answer, and we need only indicate enough of the finding to present the question which the appeal requires us to determine.

The court found in effect that the appellant based his claim to the sand in question, and hence his right to enjoin its removal, upon a contract made between the town of of Newcastle and appellant, which contract was in the words following:

"This agreement made and entered into this May 28, 1907, by and between the town of Newcastle and Joseph U. Mogul witnesseth that said town has leased and rented to said Mogul the northeast gravel and sand pit located north of said town on the lands owned by James Nipp, and leased by him to said town, for the purpose

of removing therefrom all of the sand contained therein, or so much thereof as he may desire, for which said Mogul is to pay to the trustees of said town fifteen cents for each load of sand taken by him or his agents from said pit. The town reserves to itself all of the gravel in said pit. The said Mogul is to clean said pit at his own expense, and should said pit develop gravel only, then said town is to pay such part of the expense of cleaning said pit as may be agreed upon by the parties.''

Other facts found by the court are in substance as follows: On April 6, 1909, said town sold and conveyed to the appellee the sand then remaining in the pit, which had theretofore been sold to appellant, and put the appellee in possession of said pit. On April 3, 1907, when said contract was entered into between appellant and the town of Newcastle, appellant was the duly qualified and acting marshal of such town and so remained until the bringing of this suit.

The sole question presented by the appeal is whether such contract so entered into between said town and appellant was a contract inhibited by §8648 Burns 1908, Acts 1907 p. 538, which provides as follows: ''No member of the common council or board of trustees, nor any officer, clerk or deputy of such officer, or other employe of any city or incorporated town of this state, shall, either directly or indirectly, be a party to or in any manner interested in any contract or agreement, either with such city or incorporated town, or with any officer, board, clerk, deputy or employe of such city or incorporated town, for any matter, cause or thing by which any liability or indebtedness is in any way or manner, created or passed upon, authorized or approved by such council or board of trustees or by any member thereof, or by any officer, board, clerk, deputy or employe of such city or incorporated town. Any contract in contravention of the foregoing provisions shall be absolutely void; and any person violating any of such provisions shall be fined not more than one thousand dol-

lars and imprisoned in the state prison not less than one year nor more than ten years.  *  *  *''

In the case of *Board, etc.* v. *Mitchell* (1892), 131 Ind. 370, 371, 372, 30 N. E. 409, 15 L. R. A. 520, the Supreme Court said: ''The fact that the appellee was an officer of the county does not of itself authorize the conclusion that the contract is voidable because opposed to public policy. It is quite well agreed that the officers controlling the affairs of a public corporation may contract with ministerial officers of the corporation, unless such contracts are prohibited by statute.'' Appellant relies on this case and insists that the statute quoted means simply ''that *no officer of a town shall be interested in any contract with the town, where any liability or indebtedness is created, passed upon, authorized, or approved by such officer.*'' In other words, the effect of appellant's contention is, that to render a contract invalid under this statute, it must be ''*created, passed upon, authorized, or approved,*'' by the officers interested therein. Assuming, without intimating that we so hold, that appellant is correct in his contention as to the construction to be placed on such statute, the contract in question would still be within its purview and meaning, because the contract in question expressly provides that ''should said pit develop gravel only, then said town is to pay such part of the expense of cleaning said pit as may be agreed upon by the parties.'' The effect of such agreement is to give to appellant the authority to create an indebtedness for the cleaning of the pit, which, under the conditions mentioned, was to become a liability against said town in whatever amount the parties, one of which was appellant, the marshal, might agree on.

It appears, therefore, that this contract falls both within the spirit and letter of the statute quoted and hence is of that character which the statute was clearly intended to inhibit. It follows that the facts found by the court author-

ized its conclusions of law stated thereon and that the record discloses no reversible error thereon. Judgment affirmed.

NOTE.—Reported in 103 N. E. 118. See, also, 28 Cyc. 650. As to the power of an officer to contract with the public body or municipality which he represents, see 15 L. R. A. 520. As to the liability of a municipality or other public corporation on contract invalid because executed with officer of municipality, see 27 L. R. A. (N. S.) 1123.